**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HALA KHATER,

        Plaintiff,

v.

LINDA S. MCMAHON,
Acting Commissioner of Social Security,

        Defendant.

CIVIL CASE NO. 06-10809
HON. MARIANNE O. BATTANI

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Plaintiff Hala Khater brings this action under 42 U.S.C. § 405(g) challenging a final decision of defendant Commissioner denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under sections 216(I) and 223 of the Social Security Act. Khater filed applications for benefits on October 28, 2003, claiming that she became unable to work as of May 29, 2001, due to depression, inability to focus, mood swings, crying spells, body aches, anxiety attacks, backache, and "nerves." Admin. R. 51-53, 67. She was forty-two years of age when she filed the applications. She has a high school diploma and two years of college. Her work history includes employment as a customer service representative and bank teller.

The Social Security Administration ("SSA") initially denied her claims. Admin. R. 22. She then requested a hearing before an administrative law judge ("ALJ"). Admin. R. 27. The hearing was held on September 2, 2004, before ALJ Ethel Revels. Admin. R. 298-350. Khater, represented by counsel, appeared and testified at the hearing. The ALJ also took testimony from a vocational expert ("VE").

On May 26, 2005, the ALJ issued a decision granting her claim for a closed period of May 29, 2001, through April 12, 2003. Admin. R. 12-20. The ALJ determined that Khater suffered from post-traumatic stress disorder, depression, arthritis, and left-sided carpal tunnel syndrome. Admin. R. 13-14. The ALJ also determined that her impairments were severe within the meaning of 20 C.F.R. §§ 404.1520, 416.920, but that she did not have an impairment or combination of impairments that met or equaled any impairment listed in Appendix 1, Subpart P of the Social Security Regulations. Admin. R. 14. The ALJ concluded that, as of April 13, 2003, Khater retained the capacity to perform light and sedentary work that existed in significant numbers in the regional and national economies. Accordingly, the ALJ found that Khater was not "disabled" within the meaning of the Social Security Act after April 12, 2003.

Khater filed a request for review of the ALJ's decision with the SSA's Appeals Council. Admin. R. 4. The Appeals Council denied the request on December 23, 2005. Admin. R. 4-6. The ALJ's decision thus became the final decision of the Commissioner. On February 23, 2006, Khater filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The case was referred to Magistrate Judge Steven D. Pepe pursuant to 28 U.S.C. § 636(b)(1)(B). The parties filed cross-motions for summary judgment. The Magistrate Judge issued a Report and Recommendation ("R&R") on December 29, 2006, recommending that Khater's motion for

summary judgment be granted in part, and that the Commissioner's motion for summary judgment be denied. The Magistrate Judge further recommended that this matter be remanded for an award of benefits for an extended closed period from April 13, 2003, through April 12, 2004.

The Magistrate Judge found that the ALJ erred by not following the Social Security Rulings regarding consideration of physician's opinions. The Magistrate Judge noted that the ALJ failed to either acknowledge or discuss a state agency doctor's opinion that Plaintiff was unable to work as of March 9, 2004. The Magistrate Judge also found that the ALJ erred in her assessment of Plaintiff's credibility. The Magistrate Judge noted that the Social Security Rules require administrative law judges to explain the factual basis for discrediting a claimant's credibility. In this case, the ALJ did not engage in a sufficient credibility analysis. As a result, the Magistrate Judge found that the ALJ's decision denying benefits for the period between April of 2003-2004 should be reversed. Next, the Magistrate Judge determined that there was insubstantial evidence supporting the ALJ's decision to determine that Plaintiff was not disabled as of April 2003. Finally, turning to the question of whether remand or an award of benefits was proper, the Magistrate Judge concluded that because of the nature of the evidence presented, it was unlikely that there would be more evidence to be gathered as to the exact date of Plaintiff's disability. Therefore, the Magistrate Judge determined that there was sufficient evidence to remand for an immediate award of benefits.

On February 2, 2007, Defendant filed Objections to the R&R, contending that the Magistrate Judge impermissibly re-weighed the evidence on appeal by finding that a consultative examiner's opinion is entitled to greater weight than that of a state agency reviewing physician.

Defendant also contends that the Magistrate Judge erroneously concluded that if the case were remanded, it would be unlikely that there would be more evidence to be gathered regarding Plaintiff's disability date. Finally, Defendant contends that the Magistrate Judge erred by supporting his recommendation on the fact that the ALJ failed to articulate her basis of her credibility finding, instead, contending that remand is the appropriate remedy.

## II.     STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

Judicial review in a social security appeal is limited to determining whether there is substantial evidence supporting the ALJ's decision and whether the judge applied the correct legal standards in reaching that decision. Elam v. Comm'r of Soc. Sec., 348 F.3d 124,125 (6th Cir. 2003), 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). If substantial evidence supports a denial of benefits, that decision is not subject to

reversal, even if the reviewing court determines that substantial evidence supports a contrary decision. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

When determining whether the decision is supported by substantial evidence, the reviewing court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight." Mullen, 800 F.2d at 545 (citing Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1971)). However, the court may not review the evidence *de novo*, make determinations of credibility, or weigh the evidence. Brainard v. Sec'y of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989). Consequently, the substantial evidence standard accords "considerable latitude to administrative decision makers," as "[i]t presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." Mullen, 800 at 545 (citations and internal quotations omitted).

### III. STATEMENT OF FACTS

Because the only issue before the Court is whether to award benefits or to remand for further fact-finding, the Court adopts the detailed recitation of facts in the Magistrate Judge's R&R.

### IV. ANALYSIS

First, the Magistrate Judge did not impermissibly re-weigh the evidence on appeal by finding that a consultative examiner's opinion is entitled to greater weight than that of a state agency reviewing physician. Rather, the Magistrate Judge merely pointed out that the ALJ erred by failing to acknowledge and discuss a doctor's opinion that Plaintiff was unable to work as of March 9, 2004.

5

Next, in a situation where a district court is not asked to consider new evidence that has come to light, "the court makes a final judgment, affirming, reversing, or modifying the Secretary's decision and may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." Faucher v. Sec'y of Health and Human Servs., 17 F.3d 171, 175 (6th Cir. 1994). It is "[o]nly when 'all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits' should a court reverse an ALJ's decision and immediately award benefits." Newkirk v. Shalala, 25 F.3d 316, 318 (6th Cir. 1994) (quoting Faucher, 17 F.3d at 176). "[W]hen the Secretary misapplies the regulations or when there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits." Faucher, 17 F.3d at 175. In this case, the Magistrate Judge based his recommendation to immediately award benefits on both on the ALJ's misapplication of the regulations and because there was not substantial evidence to support the ALJ's findings. The Magistrate Judge further found that it unlikely that there would be more evidence to be gathered regarding Plaintiff's exact date of disability, and thus, that an award of benefits was proper. However, when an ALJ misapplies the regulations or remaining essential factual issues must be resolved, regardless of the likelihood that new evidence can be adduced, awarding benefits is not the proper remedy. It is for the ALJ to make supported determinations of credibility and to weigh and discuss all relevant evidence presented, in accordance with the regulations. Therefore, this case does not present a situation that is appropriate to remand for an award of benefits. As a result, the Court finds that remand is appropriate.

IV.     **CONCLUSION**

Accordingly, the Court **GRANTS** in part, and **DENIES** in part, Defendant's Motion for Summary Judgment and **GRANTS** in part, and **DENIES** in part, Plaintiff's Motion for Summary Judgment.

The Court **REMANDS** this case for further fact-finding consistent with this opinion.

**IT IS SO ORDERED.**

> s/Marianne O. Battani
> MARIANNE O. BATTANI
> UNITED STATES DISTRICT JUDGE

DATED: **March 26, 2007**

### CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/ electronic filing.

> s/Bernadette M. Thebolt
> DEPUTY CLERK